IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MCI COMMUNICATIONS SERVICES,
INC.,

    Plaintiff,

v.                                                       No. 18-1066-DRH-SCW

AMEREN ILLINOIS,

    Defendant.

## ORDER DENYING MOTION TO STRIKE

**HERNDON, District Judge:**

    Before the Court is defendant Ameren Illinois' ("Ameren") Motion to Strike Plaintiffs' Prayer for Attorney's Fees (doc. 10). Ameren alleges that MCI is not entitled to legal fees and expenses in connection with this litigation alleging breach of a construction agreement between the two parties. Rather, Ameren argues the contract language MCI points to in support of attorney's fees demonstrates that MCI is only entitled to legal expenses in connection with the previous construction, which was completed in or around March 2015. Plaintiff MCI Communications Services, Inc. ("MCI") filed its response on July 20, 2018 (doc. 10) and argues that defendant strains the interpretation of the contract language in question and has not met the high burden needed to grant a motion to strike under Federal Rule of Civil Procedure 12(f). For the following, the Court **DENIES** the motion to strike (doc. 10).

1

Ameren's motion to strike plaintiff's claim for attorneys' fees and legal expenses is brought pursuant to Fed. R. Civ. P. 12(f). That rule states a court may strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. The burden on a motion to strike lays with the movant and a court "will not strike a matter from a complaint 'unless it is clear that it can have no bearing on the matter of the litigation." *Woodson v. Cook County Sheriff*, 21 A.D.D. 357 (N.D.Ill. 1996) *quoting Patel v. Board of Governors of State Colleges and Universities*, No. 92 C 8300, 1995 WL 573418, at *3 (N.D.Ill. Sept. 22, 1995). It is too early at this stage in the litigation to determine if the claim for legal fees and expenses has "no bearing" on the underlying issues.

The contested language reads:

> "Reimbursor [Ameren] agrees to bear all direct and indirect costs incurred by MCI and relating to any construction by MCI in connection with the Project, including, but not limited to, labor, materials, construction, damages, administrative overhead, taxes, travel expenses, legal fees and other reasonable out of pocket expenses."

By the plain language of the parties' agreement, such legal fees are contemplated as possible areas of reimbursement by defendant to plaintiff "in connection with the [construction] Project." As this litigation arises from a dispute regarding payment for the construction work performed by plaintiff, it is a logical reading of the disputed contract language that legal fees incurred in connection with enforcing said contract would be covered reimbursed expenses that cannot be considered "impertinent" or "insufficient." Fed. R. Civ. P. 12(f).

Because there is clear contractual language providing for the payment of legal expenses, the "American Rule" stating that attorney's fees are not generally recoverable, *Negro Nest, LLC v. Mid-N. Mgmt., Inc.,* 362 Ill. App. 3d 640, 642 (2005), is not applicable here. At this juncture, plaintiff's claim for attorneys' fees and legal expenses is based on contractual authority and accordingly, the prayer for relief is meritorious. Defendant has not met the high burden of Fed. R. Civ. P. 12(f) to strike the request by demonstrating that it has no bearing on the litigation or is so unrelated to be void of merit. *Robinson v. Midlane Club, Inc.,* 1994 WL 577219 at *2 (N.D.Ill. Oct. 18, 1994). Accordingly, defendant Ameren's motion to strike (doc. 10) is **DENIED.**

**IT IS SO ORDERED.**

Judge Herndon
2018.10.23
17:24:25 -05'00'

**United States District Judge**